JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
W. Glenn Soileau

**DEFENDANTS**
United Property & Casualty Insurance Company

(b) County of Residence of First Listed Plaintiff: St. Martin Parish
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Pinellas County, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jacques P. Soileau, Soileau Law Office, LLC, 219 W. Bridge Street, P.O. Box 344, Breaux Bridge, LA 70517; (337) 332-4561

Attorneys *(If Known)*
Shannon Howard-Eldridge, Milling Benson Woodward L.L.P., 68031 Capital Trace Row, Mandeville, LA 70471; (985) 871-3924

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Insurance Contract Dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 07/02/19
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| W. GLENN SOILEAU | * | CASE NO.: |
| | * | |
| **Plaintiff** | * | |
| | * | SECTION "     " |
| VERSUS | * | |
| | * | JUDGE: |
| UNITED PROPERTY & | * | |
| CASUALTY INSURANCE COMPANY | * | |
| | * | MAGISTRATE: |
| **Defendant** | * | |
| | * | JURY TRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL and DEMAND FOR JURY TRIAL

TO:   The Honorable Judges
of the United States District Court
for the Western District of Louisiana

Defendant, United Property and Casualty Insurance Company (hereinafter "UPC"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

### FACTUAL SUMMARY

1.

On the 10th day of June, 2019, the attached *Petition* was filed in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, entitled *W. GLENN SOILEAU versus UNITED PROPERTY & CASUALTY INSURANCE COMPANY*, bearing case number 88182.[1]

---

[1] *See Citation* and *Petition*, which are attached as Exhibit "1."

Citation was issued on June 11, 2019.[2] Service of the Petition and Citation was made on UPC via The Louisiana Secretary of State on June 20, 2019.[3]

2.

The *Petition* states that the plaintiff, W. Glenn Soileau (hereinafter "Soileau"), is a resident of St. Martin Parish, State of Louisiana.[4]

3.

Soileau named a single defendant, United Property & Casualty Insurance Company, a corporation organized under the laws of the State of Florida with its principle place of business in the State of Florida.

4.

Plaintiff's *Petition* alleges that he owned property located at 491 Kent Street, Breaux Bridge, Louisiana, which Plaintiff maintained a homeowners insurance policy from UPC.[5]

5.

Soileau alleges $195,000.00 worth of property was stolen from his residence, located at 491 Kent Street, Breaux Bridge, Louisiana, St. Martin Parish.[6]

6.

Through his *Petition*, Soileau seeks an award of penalties and attorney fees in the amount of $60,000.00, for UPC's alleged willful and intentional refusal to adjust his claim within the delays provided by law.[7]

7.

---

[2] *Id.*
[3] *Id.*
[4] *See* Introduction of *Petition*, which is attached as Exhibit "1."
[5] *See* ¶ 1 of *Petition*, which is attached as Exhibit "1."
[6] *See* ¶ 18 of *Petition*, which is attached as Exhibit "1."
[7] *See* ¶ 21 of *Petition*, which is attached as Exhibit "1."

In his *Petition*, Soileau seeks an award of damages for the burglary and theft of property allegedly stolen from his residence, located at 491 Kent Street, Breaux Bridge, Louisiana, in the amount of $195,000.00.[8]

8.

Through his *Petition*, Soileau seeks relief against UPC in the form of a judgment declaring that UPC breached its policy of insurance issued to Soileau by UPC and in effect during the date of loss, and for an award under La. R.S. 22:1892 and 22:1973.[9]

## SOILEAU'S PRAYER FOR RELIEF

9.

Soileau's Petition prays for the following relief: (1) judgment against UPC for all damages arising out of the alleged theft and burglary occurring at his residence, located at 491 Kent Street, Breaux Bridge, Louisiana, in the amount of $195,000.00; (2) penalties and attorney fees in the amount of $60,000.00; and (3) damages for breach of contract in the amount of $50,000.00.

## BASIS FOR FEDERAL JURISDICTION

10.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

### *A. The Amount in Controversy Exceeds $75,000.00.*

---

[8] *See* ¶ 22 of *Petition*, which is attached as Exhibit "1."
[9] *See* ¶¶ 21-23 of *Petition*, which is attached as Exhibit "1."

11.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant my demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'"[10]

12.

Soileau alleges and seeks monetary damages in the amount of "$195,000.00" from UPC for property allegedly stolen from his residence; $60,000.00 for penalties and attorney fees; and $50,000.00 for breach of contract. Accordingly, it is facially apparent from Soileau's *Petition* that the amount in controversy clearly exceeds the $75,000.00 jurisdictional threshold.

### B.  *Complete Diversity Exists Between All Parties "Properly Joined"*

13.

Plaintiff, Soileau, is a resident of St. Martin Parish, State of Louisiana. Accordingly, Soileau is a Louisiana citizen for purposes of analyzing diversity.

14.

Defendant, UPC, is a corporation organized under the laws of the State of Florida with its principle place of business in the State of Florida. Accordingly, UPC is a citizen of Florida for purposes of analyzing diversity.

15.

Accordingly, there is complete diversity of citizenship between Soileau and UPC.

---

[10] *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

## CONSENT TO REMOVAL

16.

UPC, as the properly joined and served defendant in the state-court action, consents to this Removal. There are no other defendants in the litigation.

## REMOVAL IS TIMELY

17.

The state-court action was filed on June 10, 2019.[11] Citation was issued on June 11, 2019.[12] Service of the Petition and Citation was made on UPC via The Louisiana Secretary of State on June 20, 2019.[13] Accordingly, this *Notice of Removal* is filed within thirty (30) days of service on UPC, and is timely pursuant to 28 U.S.C. § 1446(b).

## VENUE IN THIS COURT IS PROPER

18.

The 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, is located within the jurisdiction of the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 98(c) and 28 U.S.C. § 1441(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

## PAPERS FROM REMOVED ACTION

19.

As required by 28 U.S.C. § 1446(a), UPC has attached hereto Exhibit "1", *in globo*, copies of all process, pleadings, and orders served on UPC in the state-court action and filed into the record of these proceedings in the 16th Judicial District Court for St. Martin Parish.

---

[11] Exhibit "1."
[12] *Id.*
[13] *Id.*

## NOTICE TO ADVERSE PARTIES AND STATE COURT

20.

As required by 28 U.S.C. § 1446(d), a written copy of this *Notice of Removal* is being served on all adverse parties and is being filed with the Clerk of Court for the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, in the record of the state-court action. A copy of the state-court *Notice of Removal* is attached hereto as Exhibit "3."

## REQUEST FOR REMOVAL AND DEMAND FOR JURY TRIAL

21.

The *Petition* alleges specific damages that exceed $75,000.00, exclusive of interests and costs. WHEREFORE, based on the foregoing, defendant, United Property and Casualty Insurance Company, requests that the action now pending in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana, entitled *W. GLENN SOILEAU versus UNITED PROPERTY & CASUALTY INSURANCE COMPANY*, bearing case number 88182, be removed to this Honorable Court. Defendant, United Property and Casualty Insurance Company, further requests a trial by jury on all issues triable thereto.

Respectfully submitted,

_____
**SHANNON HOWARD-ELDRIDGE** (23139)
**JENNA K. FUGARINO** (38004)
Milling Benson Woodward, L.L.P.
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone: (985) 871-3924
Facsimile: (985) 871-6957
Email: seldridge@millinglaw.com
       jfugarino@millinglaw.com
*Attorneys for Defendant, United Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the ____2nd____ day of July, 2019, I electronically filed the foregoing with the Clerk of Court for the Western District of Louisiana using the CM/ECF system and served a copy on the following by United States Mail:

Jacques P. Soileau
219 West Bridge Street
Post Office Box 344
Breaux Bridge, LA 70517
Telephone: (337) 332-4561
Facsimile: (337) 332-4562
Email: jps@glacoxmail.com
*Attorney for Plaintiff, W. Glenn Soileau*

_____
**SHANNON HOWARD-EDLRIDGE**



**State of Louisiana**
**Secretary of State**

06/21/2019

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

UNITED PROPERTY & CASUALTY INSURANCE COMPANY
800 2ND AVE S
SAINT PETERSBURG, FL 33701

Suit No.: 88182
16TH JUDICIAL DISTRICT COURT
SAINT MARTIN PARISH

W. GLENN SOILEAU
vs
UNITED PROPERTY & CASUALTY INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: E CUMMINS

Date: 06/20/2019
Title: DEPUTY SHERIFF

No: 1124205



KC

## CITATION

| | | |
|---|---|---|
| SOILEAU, W GLENN |  | Case: 088182<br>Division: C<br>16th Judicial District Court<br>Parish of St. Martin<br>State of Louisiana |
| Versus | | |
| UNITED PROPERTY AND CASUALTY INSURANCE COMPANY | | |

TO:
UNITED PROPERTY AND CASUALTY INSURANCE COMPANY
THROUGH AGENT:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

SERVED ON
R. KYLE ARDOIN

JUN 2 0 2019

SECRETARY OF STATE
COMMERCIAL DIVISION

of EAST BATON ROUGE Parish, Louisiana.

*You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES, BREACH OF CONTRACT, PENALTIES AND ATTORNEY FEES, REQUEST FOR ADMISSION OF FACTS, AND REQUEST FOR PRODUCTION OF DOCUMENTS of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 16th Judicial District Court in and for the Parish of St. Martin, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.*

*WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE AT ST. MARTINVILLE, LOUISIANA, on this 11TH day of JUNE, 2019.*

BECKY P. PATIN
Clerk of the 16th Judicial District Court for
St. Martin Parish, Louisiana

BY: *Kristie Prejean*

Deputy Clerk of Court

REQUESTED BY:
JACQUES P. SOILEAU
ATTORNEY FOR PLAINTIFF

### Service Information

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___ served the above named party as follows:

**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

Returned:
Parish of _____ this _____ day of _____, 20___.

Service    $ _____
                                    By: _____
Mileage    $ _____                    Deputy Sheriff

Total      $ _____

[ ORIGINAL ]

IN THE 16th JUDICIAL DISTRICT COURT
FOR THE PARISH OF ST. MARTIN
STATE OF LOUISIANA

W. GLENN SOILEAU

VERSUS

UNITED PROPERTY &
CASUALTY INSURANCE COMPANY          DOCKET NO. 98182-C

## PETITION FOR DAMAGES, BREACH OF CONTRACT, PENALTIES AND ATTORNEY FEES

NOW INTO COURT, comes W. GLENN SOILEAU, a resident of St. Martin Parish, State of Louisiana, who respectfully represents the following to-wit:

1.

Petitioner herein purchased home owners insurance policy from UNITED PROPERTY & CASUALTY INSURANCE COMPANY, for his residence located at 491 Kent Street Breaux bridge, LA, made a defendant herein, who doing business in the State of Louisiana by selling insurance policies in the State of Louisiana, through its agent Huval's Insurance Company who is located in St. Martin Parish, LA.

2.

Said policy was in full force and affect at the time of the incident herein complained of.

3.

UNITED PROPERTY & CASUALTY INSURANCE COMPANY, sold a policy to petitioner W. GLENN SOILEAU, through its agent Huval Insurance Company, located on Rees Street in Breaux Bridge, LA. The loses herein occurred in Breaux Bridge, LA.

4.

On or about July 23, 2018, petitioner's home at 491 Kent Street was burglarized and a large number of items were sold from his residence.

5.

At the time of the incident herein, on or about July 23, 2018, petitioner was vacationing in Florida.

6.

During the weekend of July 23, 2018, petitioner's son had visited with him and upon returning on Sunday afternoon on or about July 23, 2018, went into the home of W. GLENN SOILEAU located at 491 Kent Street Breaux Bridge, La, and discovered that his home had been broken into and a large number of items had been stolen.

7.

Immediately upon learning of the burglary petitioner's son telephone petitioner and petitioner returned home to Breaux Bridge, LA.

8.

The Breaux Bridge Police Department was notified of the burglary and investigated it but has not been able to solve the crime as of this particularly time.

9.

Petitioner was robbed of numerous items, which were provided both to the Breaux Bridge Police Department and to UNITED PROPERTY & CASUALTY INSURANCE COMPANY, pursuant to their request.

10.

On February 14, 2019, petitioner herein gave a recorded statement to Michelle Gray and employee of UNITED PROPERTY & CASUALTY INSURANCE COMPANY.

11.

The recorded statement was substantial and very lengthy and petitioner provided all of the information requested by Michelle Gray.

12.

Subsequently thereto UNITED PROPERTY & CASUALTY INSURANCE COMPANY, took no action in regard to the claim and despite the fact that plaintiff made numerous request for information and status of the claim nothing was done on the claim for over a period of two (2) months.

13.

On or about April 18, 2019, at 10:07 a.m., one Jennifer Barnes contacted W. GLENN SOILEAU, for the first time after the claim was made and the statement was given on February 13, 2019.

14.

Jennifer Barnes stated to petitioner that one Michelle Gray had been terminated from UNITED PROPERTY & CASUALTY INSURANCE COMPANY, and she could not find the file or the recorded statement given by W. GLENN SOILEAU ON February 13, 2019.

15.

Petitioner again provided information requested by Jennifer Barnes but refused to provide another recorded stating that the statement was substantial and provided names of witnesses of who Jennifer Barnes could contact.

16.

On or about the same day April 18, 2019, Jennifer Barnes contacted Jacques P. Soileau and spoke to him at length and for approximately one (1) hour regarding the burglary at the home of W. GLENN SOILEAU.

17.

Up until and including this date May 28, 2019, the defendants have failed to advise petitioner of the status of this claim and has retained an attorney to take another statement from W. GLENN SOILEAU.

18.

Petitioner herein has provided to UNITED PROPERTY & CASUALTY INSURANCE COMPANY a statement of the lost items and complied with all of the request of UNITED PROPERTY & CASUALTY INSURANCE COMPANY, regarding this claim including listing of all the property stolen in detail which adds up to approximately $195,000.00.

19.

The defendants have failed and refused to pay one red cent of this claim despite the fact that they had verified from the Breaux Bridge Police Department and other witnesses that this burglary did in fact occur and there was a property loss.

20

Petitioner herein is entitled to penalties and attorney fees for the defendant's willful refusal to settle and adjust his claim within the periods provided by law.

21.

Petitioner prays that he be awarded penalties and attorney fees in the amount of $60,000.00, for the defendants willful and intentional refusal to adjust this claim within the delays provided by law.

22.

Petitioner Further prays that he be awarded all of the damages from the property taken from his home at 491 Kent Street Breaux Bridge, LA, in the amount of $195,000.00. Petitioner further states that the defendant be served pursuant to the service provisions of the Louisiana Code of Civil Procedure.

23.

The defendants are guilty of breach of contract and failure to comply with the law and petitioner is entitled to damages for breach of contract.

WHEREFORE PETITIONER PRAYS that the defendant, be served and cited to appear, and that thereafter there be judgment herein in favor of the plaintiff, W. GLENN SOILEAU, and against the defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, for all damages for the theft and burglary from his home at 491 Kent Street Breaux Bridge, LA in the amount of $195,000, together with penalties, attorney fees, in the amount of $60,000 under the laws of the State of Louisiana.

PETITIONER FURTHER PRAYS, that he be granted damages for breach of contract in the amount of $50,000.

ATTORNEY FOR PETITIONER

JACQUES P SOILEAU (29677)
219 East Bridge Street
PO Box 344
Breaux Bridge, LA 70517
Phone: 337-332-4561
Fax: 337-332-4562

*Please serve:*
UNITED PROPERTY & CASUALTY INSURANCE COMPANY
*Though Agent:*
*Louisiana Secretary of State*
*8585 Archives Ave.*
*Baton Rouge, LA 70809*

A TRUE COPY
ATTEST [signature]
DEPUTY CLERK OF COURT

RECEIVED AND FILED
2019 JUN 10 AM 9:48
[signature]
DEPUTY CLERK OF COURT
ST MARTIN PARISH

**IN THE 16th JUDICIAL DISTRICT COURT**
**FOR THE PARISH OF ST. MARTIN**
**STATE OF LOUISIANA**

W. GLENN SOILEAU

VERSUS

UNITED PROPERTY &
CASUALTY INSURANCE COMPANY          DOCKET NO. 88182-C

**REQUEST FOR ADMISSION, AND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:   UNITED PROPERTY & CASUALTY
      INSURANCE COMPANY
      P.O. Box 1011
      St. Petersburg, FL 33731

Defendant, W. GLENN SOILEAU, hereby propounds to Plaintiff, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, the following Interrogatories Request for Admissions, and Request for production of documents, in accordance with the provisions of Articles 1466, 1467, and 1468 of the Louisiana Code of Civil Procedure, which should be deemed admitted, unless denied, in accordance with Article 1467, and further demands, under the provisions of Article 1472 that Defendant pay reasonable expenses, including attorney's fees and cost, for making proof of any matter which is denied.

Please take notice, that you are hereby notified and required to answer separately, fully, in writing, **_UNDER OATH_**, the interrogatories propounded herein, and to serve your answers thereto on counsel for defendant, **W. Glenn Soileau,** Attorney at Law, Post Office Box 344, Breaux Bridge, Louisiana 70517, within **FIFTEEN (15) DAYS** from service hereof in accordance with the provisions of Code of Civil Procedure Article 1458.

**DEFINITIONS AND INSTRUCTIONS**

A. The term "PERSON" or "PERSONS", and "PARTY" or "PARTIES" shall mean any individual, partnership, firm, corporation, association, joint venture,

1

RESPECTFULLY SUBMITTED:

_____
JACQUES P. SOILEAU (29677)
P.O. Box 344
Breaux Bridge, LA 70517
Phone: (337) 332-4561
Fax: (337) 332-4562

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has this day been forwarded to all counsel of record in this proceeding by:

____ Hand Delivery __X__ Prepaid U.S. Mail ____ Facsimile ____ Federal Express

pursuant to Louisiana Code of Civil Procedure Art. 1313 Breaux Bridge, Louisiana this ____ day of May 2019.

_____
JACQUES P. SOILEAU (#31603)

RECEIVED AND FILED
2019 JUN 10 AM 9:48
[signature]
DEPUTY CLERK
ST. MARTIN PARISH

A TRUE COPY
ATTEST [signature]
DEPUTY CLERK OF COURT

4