UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **W GLENN SOILEAU** | **CASE NO. 6:19-CV-00843** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **UNITED PROPERTY AND CASUALTY INS. CO.** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction. [Rec. Doc. 16] and Defendants' Opposition Memorandum [Rec. Doc. 18]. For the reasons that follow, the Court recommends that Plaintiffs' Motion be denied.

### I. BACKGROUND

This action alleging claims against United Property & Casualty Insurance Company ("UPC"), was removed by Defendant from the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana. In the Notice of Removal, UPC alleges that this Court has subject-matter jurisdiction under 28 U.S.C. §1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *R. 1*. The Plaintiff filed the instant Motion to Remand for Lack of Subject Matter Jurisdiction, arguing that the amount in controversy does not exceed

1

$75,000.[1] *R. 16*. In support of his argument, the Plaintiff states that he "stipulates and acknowledges that his claims in the instant matter will not, and cannot, meet or exceed the $75,000 threshold requirement."

## II. LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem.* Co., 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.,*

---

[1] The Plaintiff does not challenge diversity of citizenship in his Motion to Remand.

2

351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. See, 28 U.S.C. § 1447(c).

Courts ordinarily consult the state court petition to determine the amount in controversy. *Maguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720 (5th Cir. 2002). However, Louisiana Code of Civil Procedure Article 893(A)(1) prohibits plaintiffs from petitioning for a specific monetary amount. *Id.* Thus, in cases where the plaintiff's petition does not include a specific monetary demand, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Id.* citing *Simon v. Walmart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999), *Allen v. R.&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1999) and *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

"[O]nce a defendant shows that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *Zipp LLC v. Zachry Exploration LLC,* 2019 WL 5096092 (W.D. La. Sept. 17, 2019) citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412. The plaintiff

3

may establish that his claims will not exceed the jurisdictional threshold to a legal certainty "by identifying a statute, or by filing a binding stipulation, that so limits her recovery." *Id.* citing *Manguno,* 276 F.3d at 724. However, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* citing *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

In this case, Plaintiff's Petition for Damages, Breach of Contract, Penalties and Attorney Fees asserts:

18.

Petitioner herein has provided to UNITED PROPERTY & CASUALTY INSURANCE COMPANY a statement of the lost items and complied with all of the request of UNITED PROPERTY & CASUALTY INSURANCE COMPANY, regarding this claim including listing of all the property stolen in detail which adds up to approximately $195,000.

19.

The defendants have failed and refused to pay one red cent of this claim . . .

20.

Petitioner herein is entitled to penalties and attorney fees for the defendant's willful refusal to settle and adjust his claim within the periods provided by law.

21.

Petitioner prays that he be awarded penalties and attorney fees in the amount of $60,000, for the defendant's willful and intentional refusal to adjust this claim within the delays provided by law.

22.

Petitioner further prays that he be awarded all of the damages from the property taken from his home at 491 Kent Street Breaux Bridge, LA, in the amount of $195,000

23.

WHEREFORE PETITIONER PRAYS that the defendant, be served and cited to appear, and that thereafter there be judgment herein in favor of plaintiff, W. GLENN SOILEAU, and against the defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY, for all damages for the theft and burglary from his home at 491 Kent Street Breaux Bridge, LA in the amount of $195,000, together with penalties and attorney fees, in the amount of $60,000 under the laws of the State of Louisiana.

PETITIONER FURTHER PRAYS, that he be granted damages for breach of contract in the amount of $50,000.

Despite the prohibition contained in Louisiana Code of Civil Procedure Article 893(A)(1), the Plaintiff's Petition clearly alleges and prays for damages in the amount of $305,000. Thus, the amount in controversy is established by the state court petition which sets forth an amount far in excess of the jurisdictional threshold. Accordingly, UPC's removal of this action was proper as they have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

The Court now turns to the question of whether Plaintiff can defeat removal by establishing with legal certainty that his claims for damages are for less than

$75,000.00. Plaintiff may satisfy his burden by filing a pre-removal binding stipulation, or affidavit, which affirmatively renounces his right to accept a judgment in excess of $75,000.00. *De Aguilar*, 47 F.3d at 1412. However, "[p]ost removal affidavits or stipulations do not deprive the district court of jurisdiction, and they are not to be considered in support of remand unless the amount in question is ambiguous at the time of removal." *Thibodeaux v. The Geo Group, Inc.*, 2016 WL 3845763, at *1 (W.D. La. June 20, 2016) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000)).

In his Motion to Remand, Plaintiff states that he "stipulates and acknowledges that, based on the claims made concerning the subject insurance policy, the amount in controversy in this matter do not and/or could not exceed the $75,000 threshold." *R. 16, p. 2*. Even if plaintiff's statement in his motion constituted a binding stipulation, remand would not be warranted in this case. The jurisdictional facts that support removal must be judged at the time of the removal. Because Plaintiff's petition specifically seeks $305,000, this Court's jurisdiction was not ambiguous at the time of removal. *See Tarleton v. Coca-Cola Refreshments USA, Inc., et al.*, 2016 WL 541447, at *2 (E.D. La. Feb. 11. 2016). Plaintiff's submission of the post-removal stipulation is, at best, "an impermissible attempt to deprive this Court of jurisdiction that has already vested." *Thompson v. Acceptance Indem. Ins. Co.*, 2014 WL 7369733 at *6 (E.D. La. Dec. 29, 2014). Without consideration of Plaintiff's

6

post-removal stipulation, Plaintiff cannot establish with legal certainty that his claims for damages are less than the jurisdictional threshold amount.

### III.  CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [Rec. Doc. 16] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 6th day of April 2020 at Lafayette, Louisiana.

*[signature]*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE